Laspina v 340 E. 198th St. LLC
2026 NY Slip Op 03757
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Louis Laspina et al., Plaintiffs-Appellants,
v
340 E. 198th Street LLC, Defendant-Respondent.

Decided and Entered: June 16, 2026
Index No. 803131/24|Appeal No. 6902|Case No. 2025-08087|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

The Price Law Firm PLLC, Melville (Lilly D. Pollak of counsel), for appellants.
Smyth Levenson LLP, New York (Jordi Fernandez of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered December 10, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment declaring the apartment is subject to rent stabilization, determining the lawful rent of the unit, and for a money judgment for overcharges and treble damages, unanimously reversed, on the law, with costs, plaintiffs' motion for summary judgment declaring that the apartment is subject to rent stabilization granted, and the matter remanded for further proceedings.
This appeal concerns whether plaintiffs' apartment unit was lawfully deregulated before June 14, 2019, the effective date of the Housing Stability and Tenant Protection Act (HSTPA) which repealed the Rent Stabilization Law's luxury deregulation provisions (see L 2019, ch 36, part D, §§ 5, 8, as amended by L 2019, ch 39, part Q, § 10). On or about October 30, 2018, defendant acquired ownership of an apartment building located at 340 East 198th Street in the Bronx. At the time, apartment 3B (the apartment) was vacant, but it had been rent-stabilized. Defendant maintains that it subsequently made several Individual Apartment Improvements (IAIs) to the apartment in the amount of approximately $65,400. On May 31, 2019, defendant executed a lease with nonparty Lydia Brown (the Brown lease) for a market rent of $2,500. However, the Brown lease did not commence until June 14, 2019, the same date that the HSTPA became effective. On September 1, 2020, plaintiffs moved into the unit under a market-rate lease of $2,500 per month, and they continued to renew their lease at the market rate.
On February 19, 2024, plaintiffs commenced this action by summons and complaint, asserting causes of action for a declaratory judgment that their rental unit is rent stabilized and determining the lawful legal regulated rent, as well as causes of action for rent overcharges, treble damages and legal fees. Plaintiffs then moved for summary judgment arguing that defendant did not lawfully deregulate their apartment because the HSTPA was already in effect on June 14, 2019, the date the Brown lease commenced. Defendant opposed, maintaining that the unit was lawfully deregulated when the Brown lease was executed in May 2019, before the HSTPA became effective.
[*2]
Because the "effective date" of a lease is the date the tenancy commences, not the date on which the lease was executed, the operative lease here went into effect on June 14, 2019, the same date that the HSTPA went into effect (Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 43 NY3d 275, 284 [2024] [the "effective date" of a legal instrument may differ from the date it was executed]; Grand Manor Health Related Facility v Hamilton Equities, Inc., 114 AD2d 776, 777-778 [1st Dept 1985], appeal dismissed 67 NY2d 917 [1986]). Thus, the HSTPA, which repealed the high rent deregulation provisions under Administrative Code of City of NY § 26-504.3, was applicable to the subject lease.
Moreover, even if defendant satisfied the conditions for high-rent vacancy deregulation prior to enactment of the HSTPA, the claimed IAIs related rent increases did not become effective or collectible on the lease until its commencement on June 14, 2019, pursuant to Division of Housing and Community Renewal operational bulletin 2016-1. That bulletin required owners to use HSTPA amortization formulas where the increase became effective on or after June 14, 2019. Further, Community Renewal operational bulletin 2024-2 provided that IAIs became effective and collectible on the commencement of the vacancy lease.
Applying the HSTPA here does not constitute a retroactive application of the law since the operative commencement of the lease occurred the same day the HSTPA became effective (compare Matter of 160 E. 84th St. Assoc. LLC, 43 NY3d at 278-285, with Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 359-363 [2020]).
Accordingly, plaintiffs are entitled to summary judgment declaring that the apartment is subject to rent stabilization, and the matter is remanded for further proceedings, including a determination of the legal regulated rent and any overcharges and damages.
In view of our determination, we need not address plaintiffs' arguments as to
whether defendant's claimed improvements brought the legal rent above the deregulation threshold in effect prior to the HSTPA.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026